Milton A. Wiltse, J.
The defendant was found guilty of violation of subdivisions 1 and 2 of section 722 of the Penal Law, defining disorderly conduct, after a trial before Honorable Leon Marvin, Justice of the Peace of the Town of Hounsfield, on April 6, 1961. Judgment of conviction was entered on that date.
From such conviction an appeal has been taken.
Only one of the errors alleged by the defendant, which he claims should cause a reversal of the conviction, is discussed herein.
It appears that counsel for the defendant moved to dismiss the information and discharge the defendant at the close of the *959 People’s case, on the grounds that the People had failed to prove that any offense had been committed, and that the complaining witness was not present at the trial. These motions were denied. Counsel for the defendant renewed these motions at the conclusion of his case. The motions were again denied.
In denying the defense motions after the defense had rested, and before a verdict had been reached, the following colloquy took place:
“ The Court: I think there is a motion in front of the court concerning the lack of appearance of the plaintiff—
“ Mr. Marsh: The complaining witness.
“ The Court: Point number one, and this is for the record. The Judge presiding was present at the taking of the information by the defendant—pardon me—by that, I mean the taking of the information of the arresting officer from the defendant (apparently meaning the complaining witness). The court has familiarized itself with the information, read and signed by the defendant (apparently meaning the complaining witness) and from having heard the testimony of the two supporting witnesses on depositions, the court, therefore, denies the move for a dismissal.”
The statements by the court indicate that the written information that was signed by the absent complainant was considered as testimony in arriving at the determination to deny the motions of the defense counsel. The information was no part of the trial, and could not be considered.
Since this was apparently done, however, substantial rights of the defendant have been prejudiced.
The judgment of conviction should be reversed on the law, the information dismissed, and the defendant discharged.